UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DION LEVERING WILLIAMS, § | | |
| Reg. No. 80352-083, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | EP-17-CV-184-KC |
| § | | |
| WARDEN SCOTT WILLIS, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Dion Levering Williams, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] seeks credit toward his federal sentence through a *pro se* "Petition to Receive Credit for Time Spent in Official Detention Prior to the Date Federal Sentence Commences Pursuant to 18 U.S.C. Section 3585(b)." Williams claims Respondent Warden Scott Willis has improperly denied him credit toward his federal sentence for the 425 days he spent in state custody between his arrest on June 15, 2012, and his commitment to a federal prison on August 14, 2013. Williams "avers" a petition for a writ of habeas corpus under 28 U.S.C. § 2241 "is the proper means to challenge the execution of his sentence . . ."[2] The Court agrees. Because Williams attacks the manner in which the Bureau of Prisons ("BOP") has calculated his sentence and projected release date, the Court will discuss his pleading as a petition for a writ of habeas corpus pursuant to § 2241.[3]

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet. at 4, ECF No. 1.

[3] *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (explaining a § 2241 petition is ordinarily used to challenge the method in which a sentence is being executed); *Davis v. Fechtel*,

-1-

Before the Court are William's original petition (ECF No. 1), Willis's "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (ECF No. 3), William's "Opposition to Respondent's Motion to Dismiss and Summary Judgment and Petitioner's Cross-Motion for Summary Judgment" (ECF No. 7), Willis's "Response to Petitioner's Cross-Motion for Summary Judgment" (ECF No. 8), and William's "Response to Respondent's Response to Petitioner's Cross Motion for Summary Judgment (ECF No. 9). For the reasons outlined below, the Court will grant Willis' motion, deny William's cross-motion, deny William's petition, and dismiss William's cause with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

On January 27, 2012, Maryland state authorities arrested Williams on firearm charges.[4] On February 8, 2012, they released him on bond.[5] State authorities later decided not to prosecute Williams on these charges.[6]

On April 3, 2012, a grand jury in the United States District Court for the Eastern District of Virginia returned a two-count indictment in case number 3:12-cr-47-HEH charging Williams with conspiring to possess with intent to distribute five kilograms or more of cocaine and attempting to possess with intent to distribute five kilograms or more of cocaine.[7]

---

150 F.3d 486, 487 (5th Cir. 1998) (explaining a district court may liberally construe a prisoner's *pro se* pleading and treat it as a habeas corpus petition, where appropriate).

[4] Mot. for Summ. J., Ex. A (Decl. of Bryan Erickson), ¶ 6, ECF No. 3-2; *Id.*, Attach. 1 (Designation and Sentence Computation Center (DSCC)–Jail Credit Memo).

[5] *Id.*

[6] *Id.,* Ex. A (Decl. of Bryan Erickson), ¶¶ 35–36.

[7] *Id.*, Ex. A (Decl. of Bryan Erickson), ¶ 7; *United States v. Williams*, 3:12-cr-00047-HEH (E.D. Va.), ECF No. 3 (Indictment).

On June 15, 2012, authorities in Riverside, California, arrested Williams for evading a peace officer.[8]

On August 29, 2012, the Eastern District of Virginia issued a writ of habeas corpus ad prosequendum.[9] On September 11, 2012, the United States Marshals Service ("USMS") assumed temporary custody of Williams pursuant to the writ.[10]

On November 7, 2012, the Eastern District of Virginia issued a superseding indictment charging Williams with conspiring to possess with intent to distribute five kilograms or more of cocaine and attempting to possess with intent to distribute five kilograms or more of cocaine.[11] On January 17, 2013, Williams pleaded guilty, pursuant to a plea agreement, to count one of a superseding indictment.[12] On April 19, 2013, the Court sentenced Williams to a 252-month term of imprisonment followed by five years of supervised release.[13]

The judgment was silent on whether William's sentence would run consecutively or

---

[8] *Id*., Ex. A (Decl. of Bryan Erickson), ¶ 8; Attach. 1 (Designation and Sentence Computation Center (DSCC) - Jail Credit Memo), Section 2; Attach. 2 (DSCC State Sentence Credit).

[9] *Id*., Ex. A (Decl. of Bryan Erickson), ¶ 9; *Williams*, 3:12-cr-47-HEH (E.D. Va.), ECF No. 98 (Writ of Habeas Corpus *Ad Prosequendum*).

[10] *Id*., Ex. A (Decl. of Bryan Erickson), ¶ 10; Attach. 3 (Individual Custody and Detention Report USM 129 at Section III, Writ Habeas Corpus Ad Prosequendum ("WHCAP")).

[11] *Id*., Ex. A (Decl. of Bryan Erickson), ¶ 11; *Williams*, 3:12-cr-00047-HEH (E.D. Va.), ECF No. 156 (First Superseding Indictment).

[12] *See United States v. Williams*, 3:12-cr-47-HEH, 2016 WL 6821093, *2 (E.D. Va. Nov. 17, 2016), *R. & R. adopted*, 2016 WL 6821095 (E.D. Va. Nov. 11, 2016), *appeal dismissed*, No. 17-6050, 2017 WL 2703646 (4th Cir. June 22, 2017).

[13] Mot. for Summ. J., Ex. A (Decl. of Bryan Erickson), ¶ 12; *Williams*, 3:12-cr-00047-HEH (E.D. Va.), ECF No. 315 (Judgment in a Criminal Case).

concurrently to any other sentence. According to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the sentencing court orders the terms to run concurrently.[14] Nevertheless, the BOP contacted the sentencing court for a statement concerning its position. In response, the sentencing court advised the BOP "this case involved a 100 kilogram drug transaction and the seizure of over $1.5 million dollars, two electric money counters, two handguns, and 15 cell phones. Accordingly, this Court opposes a concurrent sentence by retroactive designation in Mr. Williams' case."[15] Based on this response, the BOP determined a retroactive designation that the federal and state sentences ran concurrently was not appropriate in William's case.

On June 12, 2013, the USMS returned Williams to the custody of state officials in California with a federal detainer.[16] On July 9, 2013, a California Superior Court sentenced Williams to a two-year term of imprisonment for evading a peace officer.[17] The Court granted Williams presentence credit for 390 days spent in state custody between June 15, 2012 and July 9, 2013, and 390 days of good time pursuant to California Penal Code § 4019.[18] These actions

---

[14] *See* 18 U.S.C. § 3584(a) (2012) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

[15] *See* Pet'r's Pet, Ex. 3 (Resp. from Angelica M. Peterson), ECF No. 1-1.

[16] Mot. Summ. J., Ex. A (Decl. of Bryan Erickson), ¶ 13; Attach. 3 (Individual Custody and Detention Report USM 129 at Section III, Writ Habeas Corpus Ad Prosequendum ("WHCAP")), p. 1–2.

[17] *Id.*, Ex. A, ¶ 14; Attach. 4 (*State v. Williams*, Superior Court of California, County of Riverside, Minute Order); Attach. 5 (*State v. Williams*, Superior Court of California, County of Riverside, Criminal Docket).

[18] *Id.*, Ex. A (Decl. of Bryan Erickson), ¶ 14; Attach. 4 (*State v. Williams*, Superior Court of California, County of Riverside, Minute Order); Attach. 2 (DSCC State Sentence Credit); Attach.

effectively discharged Williams's state sentence.[19]

The following day, on July 10, 2013, the USMS took Williams into its custody to serve of his federal sentence.[20] The District Court for the Eastern District of Virginia subsequently issued an order reducing Williams's sentence to 202 months' confinement, pursuant to 18 U.S.C. § 3582(c)(2) and revisions to the United States Sentencing Guidelines.[21]

According to the BOP's current computations for Williams's sentence:

```
DATE COMPUTATION BEGAN..........................: 07-10-2013
TOTAL TERM IN EFFECT...................................: 202 MONTHS
TOTAL TERM IN EFFECT CONVERTED….........: 16 YEARS 10 MONTHS
EARLIEST DATE OF OFFENSE...........................: 03-08-2012

JAIL CREDIT.......................................................: FROM DATE   THRU DATE
                                                                   01-27-2012   02-08-2012

TOTAL PRIOR CREDIT TIME..............................: 13
TOTAL INOPERATIVE TIME…………................: 0
TOTAL GCT EARNED AND PROJECTED….......: 792
TOTAL GCT EARNED..........................................: 216
STATUTORY RELEASE DATE PROJECTED….: 02-24-2028
EXPIRATION FULL TERM DATE........................: 04-26-2030
TIME SERVED......................................................: 4 YEARS 11 DAYS
PERCENTAGE OF FULL TERM SERVED….....: 23.9

PROJECTED SATISFACTION DATE…………...: 02-24-2028
PROJECTED SATISFACTION METHOD…........: GCT REL[22]
```

---

6 (California State Jail Credit Check).

[19] *Id.*, Ex. A, Attach. 5 (Case Print), p. 17 ("Paper Commitment Only").

[20] *Id.*, Ex. A, (Decl. of Bryan Erickson), ¶ 15; Attach. 3, Section IV (entry for San Bernardino County Jail from July 10, 2013 until August 9, 2013); Attach. 7 (Public Information - Inmate Data).

[21] *Id.*, Ex. A (Decl. of Bryan Erickson), ¶ 16; *Williams*, 3:12-cr-00047-HEH (E.D. Va.), ECF No. 418 (Order Reducing Sentence). *See also Williams*, 3:12-cr-47-HEH, 2016 WL 6821093, at *2.

[22] *Id.*, Ex. A (Decl. of Bryan Erickson), ¶ 17; Attach. 7, (Public Information - Inmate Data), p. 003.

To summarize, according to the BOP calculations, Williams's 202-month federal sentence began on July 10, 2013, when he was transferred to exclusive federal custody to serve his federal sentence.[23] The BOP awarded him 13 days of prior custody credit for the time he spent in state custody in Maryland from January 27, 2012, through February 8, 2012.[24] Assuming he earns 792 days of good conduct time, his projected release date is February 24, 2028.[25]

In his § 2241 petition, Williams asserts Willis has improperly denied him credit toward his federal sentence for the 425 days he spent in state custody:

> Petitioner Williams, Dion Levering was arrested in Riverside County on the 15th of June, 2012 and held without bond on the state charges. Upon arrest on the above state charges, Petitioner was informed that the United States Marshals had a hold on him in lien of pending federal charges coincident on the same day 15th of June, 2012. As a Consequence of the above, Petitioner could not post bond and remained in state custody, pursuant to the federal hold. The Transit Inmate History Log (Exhibit 1) establishes the period Petitioner was under federal hold without the ability to bond out of state custody;
>
> 6/15/2012 to 8/14/2013
>
> Petitioner based on the above is entitled to a total of 425 days credit due him as a result of the state custodial hold on behalf of federal authorities.[26]

Willis makes three claims in his motion to dismiss for failure to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Pet'r's Pet., pp. 5–6, ECF No. 1.

for summary judgment under Federal Rule of Civil Procedure 56.[27] First, he asserts Williams failed to exhaust his administrative remedies. Second, he maintains the BOP properly commenced William's federal sentence on July 10, 2013, when Williams completed his state sentence and transferred to federal custody. Finally, he argues the BOP properly denied Williams credit for the time spent in custody before his federal sentence commenced.

Williams asks the Court to excuse his failure to exhaust his administrative remedies in his cross-motion for summary judgment.[28] He notes "[t]he Fifth Circuit has recognized as an excuse from the exhaustion requirement 'circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy."[29] He also maintains "there is authority that a defendant is entitled to credit for time served in state custody once a federal detainer has been lodged, as in the case at bar, the state confinement must be the product of action by federal law enforcement officials. *See*, *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988)."[30]

### APPLICABLE LAW

A petitioner may attack the manner in which his sentence is executed in the district court with jurisdiction over his custodian pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[31] However, "[h]abeas corpus relief is extraordinary and 'is reserved for

---

[27] Mot. Summ. J., pp. 4–12. ECF No. 3.

[28] Pet'r's Pet., p. 7.

[29] *Id.*

[30] *Id.* at 10.

[31] *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'"[32] A petitioner is entitled to § 2241 relief only to remedy a restraint of liberty in violation of the constitution, treaties, or laws of the United States.[33] To prevail, a habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[34]

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[35] In order to survive a Rule 12(b)(6) motion, the pleading must allege "enough facts to state a claim to relief that is plausible on its face."[36] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37]

Motions for summary judgment are proper pursuant to Federal Rule of Civil Procedure 56 when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[38] A party moving for summary judgment "must 'demonstrate the absence of a

---

[32] *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

[33] *United States v. Hayman*, 342 U.S. 205, 211–12 & n.11 (1952).

[34] 28 U.S.C. § 2241(c) (2012).

[35] Fed. R. Civ. P. 12(b)(6); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[36] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

[38] *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010) (quoting Fed. R. Civ. P.56(a)).

genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[39] "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues."[40] There is no genuine issue for trial if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.[41] The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence."[42]

## ANALYSIS

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

A court reads Rule 12(b)(6) in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[43] Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[44] A court should not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[45]

---

[39] *Little v. Liquid Air Corp.*, 37F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[40] *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing Fed. R. Civ. P. 56(c)).

[41] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[42] *Id.*

[43] Fed. R. Civ. P. 8(a)(2).

[44] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[45] *Conley v. Gibson*, 355 U.S. 41, 45–46, *abrogated by Twombly*, 550 U.S. 544.

Further, the rules governing habeas proceedings provide guidance on when a respondent should answer a habeas petition and what the answer should contain.[46] Where—as here—a court orders a respondent to answer, the petitioner has presumably stated a claim which may entitle him to relief. As a result, it is generally inappropriate to grant a motion to dismiss under Rule 12(b)(6) in a habeas matter.[47] This case is not extraordinary. The Court will deny Willis's motion to dismiss.

### B. Williams has not exhausted his administrative remedies

An initial issue a court must address when reviewing a § 2241 petition is whether the petitioner exhausted his administrative remedies.[48] Exhaustion requires the petitioner to "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief.[49] Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[50] Indeed, "[w]hen an agency has the opportunity to correct its own errors, a

---

[46] *See* Fed. R. Civ. P. 84(a)(4)(A) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: **(A)** is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases . . ."); 28 U.S.C. foll. § 2254 Rule 5 ("(a) **When Required**. The respondent is not required to answer the petition unless a judge so orders. (b) **Contents: Addressing the Allegations; Stating a Bar**. The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitation."). *See also* Order for Service and Advisory at 2, ECF No. 2 (explaining the Court may apply any or all of the Rules Governing Section 2254 to this case).

[47] *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) (citing *Browder v. Director, Dep't of Corrections of Ill.*, 434 U.S. 257, 269 n.14 (1978)).

[48] *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision).

[49] *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee).

[50] *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."[51] Additionally, "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."[52] As a result, a court will generally not allow a petitioner to proceed until he first exhausts administrative remedies, which may provide appropriate relief.[53]

A court will permit "[e]xceptions to the exhaustion requirement . . . where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[54] However, a court will allow such exceptions only in "extraordinary circumstances" established by the petitioner himself.[55]

The BOP uses a multi-tiered administrative remedy program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement."[56] First, the inmate must present his particular complaint to the prison staff on an "Inmate Request to Staff" form and attempt to resolve the issue in an informal manner.[57] If the complaint cannot be resolved informally, the inmate must file a formal written administrative remedy request on a BP-9 form

---

[51] *Id.* (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *McKart v. United States*, 395 U.S. 185, 194 (1969)).

[52] *McCarthy*, 503 U.S. at 145 (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

[53] *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

[54] *Fuller*, 11 F.3d at 62 (internal citations omitted).

[55] *Id.*

[56] 28 C.F.R. § 542.10(a).

[57] *Id.* § 542.13(a).

with the prison warden.[58]  Any adverse decision by the warden must be appealed to the appropriate regional director by filing a BP-10 form.[59]  The final step in the administrative review process is an appeal to the Office of General Counsel on a BP-11 form.[60]  A federal prisoner must pursue the procedures set forth in the program prior to seeking relief in a district court.[61]

Willis maintains that Williams has not exhausted his BOP administrative remedies:

> Petitioner filed only one request for administrative remedy at the facility level and he withdrew that request.  On May 11, 2016, the Designation and Sentence Computation Center ("DSCC") wrote to Petitioner to explain his request for prior custody credit for time spent in state custody would be reviewed under 18 U.S.C. § 3621(b) and [Policy Statement] 5160.05.  The DSCC's response to Petitioner specifically states that "[t]here is no need to file an Administrative Remedy in regards to this issue unless you are unsatisfied with the final decision."  Petitioner was put on notice that, if he was dissatisfied with the DSCC's final decision, he was still required to complete the administrative remedy process.  . . . He did not file any other requests after he received the DSCC's determination dated July 27, 2016 regarding his request.[62]

Williams posits "further attempts at administrative remedies would be futile."[63]  He cites *Fraley v. United States Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993) (per curiam), a Ninth Circuit Court of Appeals case, to support his claim.

Williams's reliance on *Fraley* is misplaced.  In *Fraley*, the defendant filed an administrative remedy seeking credit toward her federal sentence for time spent under house arrest

---

[58] *Id.* § 542.14.

[59] *Id.* § 542.15(a).

[60] *Id.*

[61] *Rourke*, 11 F.3d at 49.

[62] Mot. Summ. J., pp. 6, 8.

[63] Pet'r's Pet., p. 9.

-12-

prior to trial.⁶⁴ The BOP denied her request at the unit level and instructed her, if she was dissatisfied, to appeal to the regional office.⁶⁵ The Ninth Circuit waived the petitioner's failure to exhaust because the decision-maker at the unit level relied on a rigid BOP policy to deny credit for house arrest.⁶⁶ The Court held that any additional attempt to exhaust administrative remedies was futile because her request would "almost certainly" have been denied on the same grounds.⁶⁷ The Court then denied her relief, explaining "the conditions governing Fraley's release did not 'approach those of incarceration.' Fraley [was] therefore not entitled to credit for the time she spent under pre-trial house arrest."⁶⁸

*Fraley* was not factually analogous to Williams's case. In *Fraley*, the decision-maker exercised no discretion, relied on a rigid BOP policy, and denied her relief. In the instant case, if Williams had not withdrawn his request, the decision-maker at the facility level would have exercised discretion and conducted an individualized assessment based on the five criteria in the statute.⁶⁹ There is no reason to believe with certainty that officials at regional office and office of

---

⁶⁴ *Fraley*, 1 F.3d at 925.

⁶⁵ *Id*.

⁶⁶ *Id.*

⁶⁷ *Id.*

⁶⁸ *Id.* at 926.

⁶⁹ *See Lee v. Zuniga*, 115-cv-297-LJO-MJS, 2017 WL 2628101, at *3 (E.D. Cal. June 19, 2017) (holding that exhaustion was not waived when the denial of the petitioner's request turned on the unique facts and circumstances of his particular request and the documentation submitted in support thereof, not on BOP policy); *Bristow v. Johnson*, No. CV 15-2793-JLS PLA, 2015 WL 1823184, at *3 (C.D. Cal. Apr. 22, 2015) (holding that *Fraley* did not apply where response to remedy request was based on an individualized assessment of statutory factors rather than a rigid refusal based on BOP policy).

general counsel would have made the same determination. Williams's disagreement with the BOP's calculation of time credits is exactly the type of dispute that the administrative review process may best resolve.[70]

Furthermore, *Overshown v. Upton*, 466 F. App'x 361 (5th Cir. 2012), a Fifth Circuit Court of Appeals case, is more instructive than *Farley*. In *Overshown*, Petitioner argued he had not received proper credit towards his federal sentence for time spent in state custody. The Fifth Circuit affirmed the district court's dismissal of Overshown's § 2241 petition for failure to exhaust, explaining "Overshown does not dispute that he failed to properly exhaust his administrative remedies, and he has not demonstrated that properly exhausting those remedies would have been an exercise in futility. Accordingly, the district court did not abuse its discretion in dismissing his § 2241 petition."[71]

In this case, Williams concedes he did not exhaust his administrative remedies. He fails to meet his burden of producing credible evidence of an extraordinary circumstance necessary to justify his failure to exhaust his administrative remedies.[72] The Court could grant Willis's motion for summary judgment on this ground alone. However, the Court concludes that even if Williams had exhausted his administrative remedies, he would not be entitled to relief.

**C. Williams is not entitled to credit for time served against a state sentence**

---

[70] *See Parisi v. Davidson*, 405 U.S. 34, 37 (1972) ("The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)).

[71] *Overshown*, 466 F. App'x at 361–62.

[72] *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies).

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[73] Thus the BOP, not the judiciary, is responsible for implementing the statutes concerning the computation of a federal sentence.

According to 18 U.S.C. § 3585(a), federal sentence does not commence until the BOP receives a defendant into its custody to serve a sentence:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.[74]

The BOP may grant credit, according to 18 U.S.C. § 3585(b), against a federal sentence for time spent in pretrial custody if the time is not credited against another sentence:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.[75]

The Supreme Court explains that when Congress enacted § 3585(b), it "made clear that a

---

[73] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States.").

[74] 18 U.S.C. § 3585(a) (2012).

[75] *Id.* § 3585(b) (emphasis added).

defendant could not receive a double credit for his detention time."[76]

A defendant's time spent in custody under a writ of habeas corpus ad prosequendum is not considered for prior custody credit because, when a defendant in state custody is turned over to federal officials for a federal prosecution, the state government's "loss of jurisdiction is only temporary."[77] A writ of habeas corpus ad prosequendum "is only a 'loan' of the prisoner to the federal jurisdiction."[78]

Williams received credit toward his California state sentence for the period from June 15, 2012, through July 9, 2013.[79] Consequently, in accordance with 18 U.S.C. § 3585(b), Williams is not entitled to pretrial custody credit against his federal sentence for this time credited to his state sentence.[80]

Williams argues he should receive credit from June 15, 2012 to August 14, 2013, anyway because a federal detainer prevented him from posting bond during that time.[81] He maintains "there is authority that a defendant is entitled to credit for time served in state custody once a

---

[76] *United States v. Wilson*, 503 U.S. 329, 337 (1992).

[77] *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)).

[78] *Bush v. Fox*, 453 F. App'x 494, 495 (5th Cir. 2011) (citing *Causey*, 621 F.2d at 693).

[79] Mot. for Summ. J., Ex. A (Decl. of Bryan Erickson), ¶¶ 14, 37; Attach. 2 (DSCC State Sentence Credit); Attach. 4 (*State v. Williams*, Superior Court of California, County of Riverside, Minute Order; Attach. 5 (*State v. Williams*, Superior Court of California, County of Riverside, Criminal Docket); Attach. 6 (California State Jail Credit Check).

[80] *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that BOP was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence because that time was already credited against state sentence).

[81] Pet'r's Pet., pp. 5–6.

federal detainer has been lodged. . . . *See*, *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988)."[82]

Williams's reliance on *Garcia-Gutierrez* is misplaced. In *Garcia-Gutierrez*, the Fifth Circuit explained "[t]here is neither statutory nor jurisprudential authority for the granting of federal prison credit for time served in state custody on an unrelated charge *prior to* a federal charge *or federal detainer*."[83] It added, a prisoner could receive credit for time spent in state custody "only if the Attorney General . . . exercised the power granted by 18 U.S.C. § 4082 and designated the involved state and local facilities as places of confinement for service of a federal sentence."[84]

"Section 4082(b) was replaced by [18 U.S.C.] § 3621(b), effective November 2, 1987."[85] Section 3621(b) grants the BOP the "discretion to designate a state prison as a place of federal confinement."[86] Under this authority, "[T]he BOP may . . . award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence."[87] The BOP satisfies its obligation to review a prisoner's request for nunc pro tunc designation in part by submitting it to the federal sentencing court and

---

[82] *Id.* at 10.

[83] *Garcia-Gutierrez*, 835 F.2d at 586 (citing *United States v. Eidum*, 474 F.2d 579 (9th Cir.1973)) (emphasis added).

[84] *Id*. at 587.

[85] *Barden v. Keohane*, 921 F.2d 476, 481 (3d Cir. 1990).

[86] *Id.* at 482.

[87] *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

ascertaining whether the court wanted the state and federal sentences to run concurrently or consecutively.[88] The BOP's decision is "entitled to substantial deference."[89] A court may overturn that decision only for abuse of discretion.[90]

The BOP exercised its discretion and considered Williams's case for a possible nunc pro tunc designation.[91] Williams's sentencing court indicated that it opposed a concurrent sentence.[92] The BOP then reviewed the other § 3621(b) factors and determined that a designation was not appropriate.[93] Williams does not suggest the BOP abused its discretion. The record does not support a conclusion the BOP abused its discretion. The denial was well within the BOP's discretion.[94]

Williams cannot meet his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States."[95] He is not entitled to § 2241 relief.

## CONCLUSION AND ORDERS

After examining the pleadings and the record, the Court concludes that Williams has not exhausted his administrative remedies and, in the alternative, is not entitled to § 2241 relief on the

---

[88] *Rodriguez v. Pitzer*, 76 F. App'x 519 (5th Cir. 2003).

[89] *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

[90] *Id.*; *accord Barden*, 921 F.2d at 483 (emphasizing the BOP's "broad discretion").

[91] Mot. for Summ. J., Ex. A (Decl. of Bryan Erickson), Attach 10 (BOP Letter).

[92] Mot. for Summ. J., Ex. A (Decl. of Bryan Erickson), ¶ 27; *Id.*, Attach 12 (E.D. Va. Letter).

[93] *Id.*, Ex. A (Decl. of Bryan Erickson), ¶ 29; *Id.*, Attach. 14 (BOP Letter).

[94] *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 711 (5th Cir. 2015).

[95] 28 U.S.C. § 2241(c).

merits of his claims. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Willis's "Motion to Dismiss" is **DENIED**, but his "Motion for Summary Judgment" (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that William's "Cross-Motion for Summary Judgment" (ECF No. 7) is **DENIED**.

**IT IS ALSO ORDERED** that Williams's "Petition [under 28 U.S.C. § 2241] to Receive Credit for Time Spent in Official Detention Prior to the Date Federal Sentence Commences Pursuant to 18 U.S.C. Section 3585(b)" (ECF No. 1) is **DENIED** and Williams's civil case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED this 13th day of February, 2018.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**